IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY; LIBERTY SURPLUS INSURANCE CORPORATION; AND DOES 1 through 100, inclusive,<br><br>Defendants. | Original Case No. 2:17-cv-00774-MCE-DB, U.S. District Court for the Eastern District of California<br><br>**LIBERTY SURPLUS INSURANCE CORPORATION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM STATE FARM GENERAL INSURANCE COMPANY** |

COMES NOW, Liberty Surplus Insurance Corporation ("LSIC"), pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, and respectfully requests the Court Order non-party State Farm General Insurance Company ("State Farm")[1] to produce documents pursuant to a subpoena duces tecum properly served to State Farm by LSIC ("Subpoena").

In this action, currently pending the U.S. District Court for the Eastern District of California, plaintiff Arch Specialty Insurance Company ("Arch") seeks contribution from LSIC in relation to a settlement paid on behalf of a mutual insured, USA Properties, Inc. ("USA Properties"), in the underlying action, *North Natomas Apartments I, L.P., et al. v. USA Properties Fund, Inc., et al.*, Sacramento County Case No. 34-2012-00131888 ("*North Natomas* action"). (Request for Judicial Notice ("RJN"), Ex. B). As one of its defenses to the complaint filed by Arch, LSIC contends that coverage available under the LSIC policies, if any, is excess to coverage provided to USA Properties as an additional insured. (RJN, Ex. C).

---

[1] As State Farm is a corporation with is principle place of business in Bloomington, Illinois, (*See* Request for Judicial Notice ("RJN"), Ex. A), the U.S. District Court for the Central District of Illinois is the proper venue for LSIC's motion to compel. *See* F.R.C.P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken").

{01999327.DOC / }

In particular, the "Other Insurance" clause of the LSIC policies states coverage afforded to USA Properties, if any, is "excess over…[a]ny other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement." Consistent with this, the "**SPECIAL CONDITIONS FOR SUBCONTRACTORS ENDORSEMENT** ("Subcontractors Endorsement")" included in each of the LSIC policies states the "[c]ommercial general liability coverage maintained by [USA Properties] subcontractors shall be primary and this policy shall be excess of limits of liability of such insurance." (RJN, Ex. C).

Relevant here, State Farm has acknowledged USA Properties qualifies as an additional insured for the *North Natomas* action under a policy issued to subcontractor, Alliance Building Products, Inc. ("Alliance"). (Declaration of Patrick Fredette ("Fredette Decl."), ¶ Ex. A). Further, State Farm paid $500,000 on behalf of Alliance to settle the *North Natomas* action. (RJN, Ex. D).

Thus, and with the "Other Insurance" clause and "Subcontractor's Endorsement" in mind, LSIC issued to State Farm the Subpoena on October 2, 2018. (Fredette Decl., ¶ 5, Ex. B). The Subpoena requested State Farm produce the following relevant documents by October 10, 2018:

1. A complete certified copy of the policy issued by State to Alliance under number 90-D3-8827-2.

2. A complete copy of the claim file for State Farm claim no. 55-20N8-866.

3. All communications to or from State Farm, or anyone acting on State Farm's behalf, regarding claim no. 55-20N8-866 and/or the *North Natomas* action.

4. All documentation regarding payment of claims by State Farm under policy number 90-D3-8827-2, including proof of payments of any such claims.

5. All documents that reflect the "per occurrence," "aggregate" and "products completed operations" remaining limit(s) available on policy number 90-D3-8827-2 as of December 29, 2014.

(*Id.*).

On October 9, 2018, LSIC received a letter from Richard Iles, Underwriting Services from State Farm enclosing certain policy documents related to policy number 90-D3-8827-2. (Fredette Decl., ¶ 6, Ex. C). The response was "on behalf of Underwriting only" and did not contain any documents reflecting the remaining limits available on the State Farm policy. (*Id.*) On October 10, 2018, LSIC sent a representative to the location that accepted service of the Subpoena to obtain the remaining documents. (Declaration of Greg Benefield ("Benefield Decl."), ¶ 3). No documents were provided. (*Id.*). On October 16, 2018, LSIC's representative returned to obtain information relative to the status of the remaining outstanding documents. (*Id.* at ¶ 4). LSIC was told to contact State Farm's general counsel. (*Id.*).

On October 16, 2018, LSIC sent correspondence to State Farm's general counsel, Stephen McManus, explaining that documents remained outstanding and requested counsel contact LSIC to resolve the matter. (Fredette Decl., ¶ 8, Ex. D). State Farm received the letter the following day. (*Id.* at ¶ 9, Ex. E). On October 23, 2018, counsel for LSIC engaged in a teleconference with Petrina Johns of State Farm's corporate law department. (Declaration of Jennifer Paonessa ("Paonessa Decl."), ¶ 2). Ms. John's indicated State Farm was in receipt of the Subpoena and that State Farm was working to compile the documents requested. (*Id.*). However, Ms. Johns explained that she was not personally working on the matter and could not indicate a timeframe in which the documents would be received. (*Id.*). Nor could Ms. Johns specifically confirm what documents State Farm planned to produce. (*Id.*)

On October 25, 2018, LSIC engaged in a teleconference with Stephanie Glausser of Sate Farm's subpoena compliance department. (*Id.* at ¶ 3). Ms. Glausser advised that State Farm was gathering documents responsive to the subpoena and would be sending an invoice to LSIC. (*Id.*).

During the teleconference, LSIC requested Ms. Glausser confirm that State Farm would be producing all documents sought by the Subpoena. (*Id.*). Ms. Glausser stated she could not provide the requested confirmation, as information regarding limits remaining on the State Farm policy is retained by State Farm's underwriting department, of which she is not a member. (*Id.*). LSIC requested Ms. Glausser provide her email address so as to enable LSIC to memorialize the conversation in writing. (*Id.*). Ms. Glausser responded that State Farm forbid her from providing her email address to third-parties. (*Id.*)

On October 29, 2018, LSIC sent a second correspondence to State Farm's general counsel, Mr. McManus, explaining that LSIC was moving forward with a motion to compel, as the documents were overdue and LSIC was unable to obtain written confirmation from State Farm that LSIC would be receiving all the documents sought by the Subpoena. (Fredette Decl., ¶ 12, Ex. G). As of the filing of this motion, State Farm has yet to produce a complete copy of the claim file, all communications to or from State Farm regarding claim no. 55-20N8-866, all claim payment documentation and all documents reflecting "per occurrence," "aggregate" and "products completed operations" remaining limit(s). (*Id.* at ¶ 12).

LSIC has attempted to resolve the dispute, but the dispute remains. As such, LSIC respectfully requests the Court order State Farm to comply with the Subpoena and produce a complete copy of the claim file, all communications to or from State Farm regarding claim no. 55-20N8-866, all claim payment documentation and all documents reflecting "per occurrence," "aggregate" and "products completed operations" remaining limit(s). *See e.g. Trading Techs. Intern., Inc. v. eSpeed, Inc.*, 2007 WL 4919560, at *1 (N.D. Ill. 2007) ("[b]ecause such trading data is relevant to the eSpeed case, we grant TT's motion to compel" nonparty to respond to subpoena).

Respectfully Submitted

/s/ *Thomas E. Sarikas*
Thomas E. Sarikas
Bryce Downey & Lenkov, LLC
200 N. LaSalle Street, Suite 2700
Chicago, Illinois 60604
(312) 377-1501 – phone
(312) 377-1502 – fax
Attorney for Defendant Liberty Surplus Insurance Corporation


/s *Patrick Fredette*
Patrick Fredette, *motion for pro hac vice pending*
McCormick Barstow LLP
312 Walnut Street
Cincinnati, Ohio 45202
Telephone: (513) 762-7520
Fax: (513) 762-7521
patrick.fredette@mccormickbarstow.com
*Attorney for Defendant Liberty Surplus Insurance Corporation*

## CERTIFICATE OF SERVICE

A copy of the foregoing will served via U.S. Mail on the date of filing to the following:

Stephen McManus
One State Farm Plaza
Bloomington, IL 61710
*Counsel for State Farm General Insurance Company*


David Blau
Ron Nelson
Blau Keane Law Group, P.C.
128 El Segundo, CA 90245
david@blaulaw.net
ron@blaulaw.net
*Attorneys for Arch Specialty Insurance Company*

A copy of the foregoing will be served in person on October 30, 2018 to:

State Farm General Insurance Company
c/o Karissa Lowry
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

/s/ *Thomas E. Sarikas*
One of the attorneys for Defendant Liberty Surplus Insurance Corporation